SYLLABUS

This syllabus is not part of the Court's opinion. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Court and may not summarize all portions of the opinion.

**W.S. v. Derek Hildreth (A-46-21) (086633)**

**Argued October 24, 2022 -- Decided January 18, 2023**

**WAINER APTER, J., writing for a unanimous Court.**

In this appeal, the Court considers landmark amendments to the Child Sexual Abuse Act (CSAA), Charitable Immunity Act (CIA), and Tort Claims Act (TCA) in determining whether plaintiff W.S.'s claim against defendant Lawrence Township School District and others should have been dismissed for failure to timely file a notice of claim under the TCA.

W.S. alleged that a teacher at Myron L. Powell Elementary School, defendant Derek Hildreth, sexually assaulted him during the 1996-1997 school year when plaintiff was in sixth grade. Both parties agree that plaintiff's claim accrued in 2016, when W.S. was about thirty years old. In January 2017, W.S. moved for leave to file a late notice of tort claim. The trial court denied W.S.'s motion without prejudice to W.S.'s refiling it to comply with the requirements of N.J.S.A. 59:8-9 within ninety days of the accrual of his cause of action. W.S. never refiled the motion or appealed the motion order.

On December 1, 2019, several amendments to the CSAA, CIA, and TCA went into effect. The Legislature extended the statute of limitations for any injury resulting from certain offenses including child sexual abuse to "37 years after the minor reaches the age of majority, or within seven years from the date of reasonable discovery of the injury . . . , whichever date is later," and it explicitly made the amendment retroactive. N.J.S.A. 2A:14-2a(a)(1). Another significant change is that N.J.S.A. 59:8-3(b) was amended to provide that the "procedural requirements" of the TCA "shall not apply to an action at law for an injury resulting" from sexual abuse. In addition to eliminating the TCA's procedural requirements for filing a sexual abuse claim against a public entity or employee, the Legislature narrowed the scope of substantive immunity under the TCA to exclude "an action at law for damages" resulting from sexual abuse under certain circumstances. See N.J.S.A. 59:2-1.3(a). And the Legislature specified that the new statute of limitations would apply to any such action at law against a public entity that had not been finally adjudicated as of December 1, 2019. Id. at (b).

1

Approximately one month after the amendments went into effect, W.S. filed suit against defendants, bringing claims under the CSAA and Law Against Discrimination, as well as numerous common law claims. Defendants moved to dismiss the complaint for failure to file a notice of claim within ninety days of the claim's accrual as required by N.J.S.A. 59:8-8.

The motion judge denied the motion, finding that the amended TCA "applies to causes of action that were not finally adjudicated as of December 1, 2019" and that "plaintiff's cause of action was not finally adjudicated as of" that date because it was denied without prejudice.

The Appellate Division affirmed, holding that plaintiff's complaint was filed after the amendments became effective and was therefore "subject to the newly enacted N.J.S.A. 59:8-3(b), which specifically eliminated the need to file a notice of claim in advance of filing suit." 470 N.J. Super. 57, 62 (App. Div. 2021). The Appellate Division disagreed with the motion judge as to the import of plaintiff's 2017 motion for leave to file a late notice of claim, determining that "plaintiff never filed 'a cause of action' in 2017" because a motion for leave to file a late notice of claim "does not amount to the commencement of 'civil litigation.'" Id. at 67-68.

The Court granted leave to appeal. 250 N.J. 171 (2022).

**HELD:** The plain meaning of N.J.S.A. 59:8-3(b) dictates that child sexual abuse survivors who file a CSAA complaint against a public entity after December 1, 2019 -- even if their cause of action accrued much earlier -- need not file a TCA notice of claim before filing suit.

1. As an initial matter, the Court holds that W.S.'s 2017 motion for leave to file a late notice of claim did not commence a civil action and the trial court's dismissal of the motion without prejudice did not constitute a "final[] adjudicat[ion]" of this case within the meaning of the 2019 amendments. The text of the TCA carefully distinguishes between (1) the service of a notice of claim, (2) a motion for leave to file a late notice of claim, and (3) the filing of a lawsuit. For good reason. Pursuant to Rule 4:2-2, "[a] civil action is commenced by filing a complaint with the court." Neither a notice of claim nor a motion for leave to file a late notice of claim constitutes a complaint. Nor is it even a "pleading." See R. 4:5-1(a) (providing an exclusive list of all permissible "pleadings" that can be filed in a civil action). The Appellate Division has thus held that filing a notice of claim under the TCA does not commence civil litigation. See State v. J.R.S., 398 N.J. Super. 1, 5-6 (App. Div. 2008). And a motion for permission to file a late notice of claim is even further removed from beginning a lawsuit. (pp. 15-18)

2

2.  As to W.S.'s January 2020 complaint, the Court holds that the motion judge and the Appellate Division correctly applied the law in effect at that time in denying defendants' motion to dismiss.  Since December 1, 2019, N.J.S.A. 59:8-3(b) has provided that "[t]he procedural requirements of this chapter shall not apply to an action at law for an injury resulting from the commission of . . . sexual abuse as defined in [N.J.S.A. 2A:61B-1]."  Defendants do not contest that the requirement to file a notice of claim with a public entity within ninety days "after accrual of the cause of action," N.J.S.A. 59:8-8, is a "procedural requirement[]" of the TCA within the meaning of N.J.S.A. 59:8-3(b).  And they concede that W.S. filed an "action at law for an injury resulting from the commission of . . . sexual abuse," N.J.S.A. 59:8-3(b), in January of 2020.  Therefore, pursuant to the law in effect at the time W.S. filed his complaint, no notice of claim was required.  Applying the law in effect at the time a complaint is filed -- even when that law changed the requirements for filing a complaint -- is not applying a statute retroactively; it is applying a statute prospectively to cases filed after its effective date.  (pp. 19-20)

3.  The Court rejects the argument that what matters for purposes of N.J.S.A. 59:8-3(b) is when a cause of action accrued.  The language of the statute indicates otherwise:  "The procedural requirements of this chapter shall not apply to an action at law for an injury resulting from the commission of . . . sexual abuse."  N.J.S.A. 59:8-3(b) (emphasis added).  The text explicitly references an "action at law," which can be commenced only "by filing a complaint with the court."  R. 4:2-2.  It says nothing about when a cause of action accrues.  Likewise, neither of the statutes on which defendants rely -- N.J.S.A. 59:8-8 and -9 -- defines the term "action at law" to mean when a cause of action accrues rather than when a complaint is filed in court.  Finally, reading the amendments to apply only to those whose cause of action accrues after December 1, 2019, would create an absurd result in light of the Legislature's retroactive extension of the statute of limitations until the victim reaches the age of fifty-five.  See N.J.S.A. 2A:14-2a(a)(1).  (pp. 21-24)

**AFFIRMED.**

**CHIEF JUSTICE RABNER; JUSTICES PATTERSON, SOLOMON, and PIERRE-LOUIS; and JUDGE SABATINO (temporarily assigned) join in JUSTICE WAINER APTER's opinion.  JUSTICE FASCIALE did not participate.**

SUPREME COURT OF NEW JERSEY
A-46 September Term 2021
086633

W.S.,

Plaintiff-Respondent,

v.

Derek Hildreth,

Defendant,

and

Lawrence Township
School District and
Myron L. Powell
Elementary School,
and its teachers, directors,
officers, employees, agents,
counselors, servants or volunteers,

Defendants-Appellants.

On appeal from the Superior Court,
Appellate Division, whose opinion is reported at
470 N.J. Super. 57 (App. Div. 2021).

Argued                    Decided
October 24, 2022      January 18, 2023

Jerald J. Howarth argued the cause for appellants
(Howarth & Associates, attorneys; Jerald J. Howarth, on
the briefs).

1

Kevin P. McCann argued the cause for respondent (Chance & McCann, attorneys; Claudia J. Gallagher, on the briefs).

Daniel M. Vannella, Assistant Attorney General, argued the cause for amicus curiae Attorney General of New Jersey (Matthew J. Platkin, Attorney General, attorney; Daniel M. Vannella, of counsel and on the brief).

Craig J. Hubert argued the cause for amicus curiae New Jersey State Bar Association (New Jersey State Bar Association, attorneys; Jeralyn L. Lawrence, President, of counsel, and Craig J. Hubert and Thomas J. Manzo, on the brief).

Eric G. Kahn argued the cause for amicus curiae New Jersey Association for Justice (Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, attorneys; Eric G. Kahn, of counsel and on the brief, and Annabelle M. Steinhacker, on the brief).

Marci A. Hamilton, of the Pennsylvania bar, admitted pro hac vice, argued the cause for amicus curiae CHILD USA (CHILD USA, attorneys; Alice Nasar Hanan, on the brief).

JUSTICE WAINER APTER delivered the opinion of the Court.

In this appeal we consider landmark amendments to the Child Sexual Abuse Act (CSAA), Charitable Immunity Act (CIA), and Tort Claims Act (TCA). We do so in determining whether the motion judge and Appellate Division erred in denying a motion to dismiss filed by defendants Lawrence Township School District and Myron L. Powell Elementary School and its

2

teachers, directors, officers, employees, agents, counselors, servants and volunteers (collectively, defendants) for failure to timely file a notice of claim under the TCA, N.J.S.A. 59:1-1 to :12-3.

Plaintiff W.S. alleged that a teacher at Myron L. Powell Elementary School, defendant Derek Hildreth, sexually assaulted him during the 1996-1997 school year when plaintiff was in sixth grade. Both parties agree that plaintiff's claim accrued in 2016.

In 2019, the Legislature overhauled the CSAA, CIA, and TCA. See L. 2019, c. 120; L. 2019, c. 239. An amendment to the CSAA allowed survivors of child sexual abuse to file a claim any time before reaching the age of fifty-five, or seven years after discovering the harm, whichever is later. The Legislature made that extended statute of limitations retroactive, reviving claims that would have been barred under the prior two-year statute of limitations. An amendment to the TCA, of paramount importance here, removed the requirement that plaintiffs bringing CSAA complaints against public entities file a TCA notice of claim within ninety days of their claim accruing. All amendments went into effect on December 1, 2019. See N.J.S.A. 2A:14-2c; L. 2019, c. 239, § 2.

In January 2020, W.S. sued defendants, Hildreth, and others, alleging violations of the CSAA and the New Jersey Law Against Discrimination

3

(LAD), as well as several common law claims. Defendants moved to dismiss the complaint for failure to file a TCA notice of claim within ninety days. The motion judge denied the motion, holding that the 2019 amendments applied to W.S.'s complaint and W.S. was therefore not required by the TCA to file a notice of claim. The Appellate Division affirmed.

We now affirm the Appellate Division's decision. We hold that the plain meaning of the relevant statutes dictates that child sexual abuse survivors who file a CSAA complaint against a public entity after December 1, 2019 -- even if their cause of action accrued much earlier -- need not file a TCA notice of claim before filing suit.

I.

A.

According to W.S.'s complaint, defendant Derek Hildreth[1] was a teacher at Myron L. Powell Elementary School. "On numerous occasions" between 1998 and 2003, Hildreth "sexually assaulted, sexually abused and/or had sexual contact" with plaintiff and with other male children on school property. According to W.S.'s answers to interrogatories, during the 1996-1997 school

---

[1] Defendant Hildreth has not appeared or participated in this case. See W.S. v. Hildreth, 470 N.J. Super. 57, 61 n.3 (App. Div. 2021).

year, W.S. was a student in Hildreth's sixth-grade homeroom class and Hildreth sexually assaulted W.S. twice.

W.S. turned eighteen in 2004. He became aware of the harm caused by the abuse in 2016, when he was about thirty years old. On January 16, 2017, W.S. moved for leave to file a late notice of tort claim against defendants in Cumberland County. The trial court denied W.S.'s motion without prejudice to W.S.'s refiling it to comply with the requirements of N.J.S.A. 59:8-9 -- that is, "supported by affidavits based upon personal knowledge . . . showing sufficient reasons constituting extraordinary circumstances for his failure to file notice of claim" within ninety days of the accrual of his cause of action. W.S. never refiled the motion or appealed the motion order.

B.

On December 1, 2019, several amendments to the CSAA, CIA and TCA went into effect. Chapter 120, signed into law on May 13, 2019, extended the statute of limitations for any injury resulting from child "sexual assault, any other crime of a sexual nature, a prohibited sexual act . . . , or sexual abuse" to "37 years after the minor reaches the age of majority, or within seven years from the date of reasonable discovery of the injury . . . , whichever date is later." N.J.S.A. 2A:14-2a(a)(1). The amendment was explicitly made retroactive, applying to child sexual abuse that "occurred prior to, on or after"

5

December 1, 2019.  Ibid.  The same amendment extended the statute of limitations on claims for sexual abuse perpetrated against adults to seven years after the date of discovery.  See id. at (b)(1).

Chapter 120 also modified the TCA requirements for filing a CSAA complaint of sexual abuse against a public entity.  The TCA sets forth general procedural requirements for filing claims for damages against public entities.  See N.J.S.A. 59:8-1 to -11.  For example, a claim against a local public entity such as a school district must be signed by the claimant or a person acting on the claimant's behalf; must include the "names of the public entity, employee or employees" that caused the injury, the amount of damages claimed, and a general description of the injury; and must be filed with the local public entity.  N.J.S.A. 59:8-4(d) to (f), -5, -7.  The claim must be presented to the public entity within ninety days "after accrual of the cause of action"; "[a]fter the expiration of six months from the date notice of claim is received, the claimant may file suit in an appropriate court of law."  N.J.S.A. 59:8-8.  If a claimant fails "to file the claim with the public entity within 90 days of accrual of the claim," they "shall be forever barred from recovering against a public entity or public employee," id. at (a), subject to limited exceptions, see N.J.S.A. 59:8-9.

However, Section 8 of Chapter 120 specifically amended the TCA, effective December 1, 2019, to provide an exclusion from those general rules

6

for cases arising from sexual abuse.  Because Section 8 is central to the disposition of this case, we reproduce it in full here:

> 8.  N.J.S.59:8-3 is amended to read as follows:
>
> 59:8-3.  Claims for damages against public entities.  *No* a. Except as otherwise provided in this section, no action shall be brought against a public entity or public employee under this act unless the claim upon which it is based shall have been presented in accordance with the procedure set forth in this chapter.
>
> b. The procedural requirements of this chapter shall not apply to an action at law for an injury resulting from the commission of sexual assault, any other crime of a sexual nature, a prohibited sexual act as defined in [N.J.S.A. 2A:30B-2], or sexual abuse as defined in [N.J.S.A. 2A:61B-1].
>
> [L. 2019, c. 120, § 8 (deletion italicized and marked with strikethrough; additions underlined).]

Thus, as of December 1, 2019, N.J.S.A. 59:8-3(b) has provided that the "procedural requirements" of the TCA "shall not apply to an action at law for an injury resulting" from sexual abuse.

The Senate Judiciary Committee Statement to Section 8 explained:

> This section eliminates the "New Jersey Tort Claims Act" two-year statute of limitations period, set forth in N.J.S.59:8-8, for bringing a sexual abuse lawsuit against a public entity, as well as any of the act's procedural requirements, such as the 90-day period for filing notice of a claim of liability against a public entity for such lawsuits; the process of filing a lawsuit with service upon the liable public entity or entities would thus be the same as when suing a private

7

organization. Public entities would also be subject, just like a private organization, to the new, extended statute of limitations periods for child and adult victims of abuse detailed in section 2 . . . .

> [S. Judiciary Comm. Statement to S. 477 (Mar. 7, 2019) (emphasis added).]

In addition to eliminating the TCA's procedural requirements for filing a sexual abuse claim against a public entity or public employee, the Legislature narrowed the scope of substantive immunity under the TCA. Chapter 239 -- signed into law on August 9, 2019, and also made effective December 1, 2019 -- provided that the TCA's conferral of substantive immunity from civil liability would "not apply to an action at law for damages" resulting from sexual abuse "which was caused by a willful, wanton, or grossly negligent act of the public entity or public employee," or, for acts committed against a minor, "which was caused by the negligent hiring, supervision, or retention of any public employee." L. 2019, c. 239, § 1 (codified at N.J.S.A. 59:2-1.3(a)). Chapter 239 also specified that any such action at law involving a public entity would be subject to the same new statute of limitations set forth in L. 2019, c. 120. See N.J.S.A. 59:2-1.3(b). Chapter 239 specifically stated:

> This act shall take effect on December 1, 2019, the same day that L. 2019, c. 120 ([N.J.S.A.] 2A:14-2a et al.) takes effect, and shall apply to any cause of action filed on or after that date, as well as any cause of action filed prior to that effective date that has not yet been

8

finally adjudicated or dismissed by a court as of that effective date.

[L. 2019, c. 239, § 2.]

## C.

Approximately one month after the amendments went into effect, W.S. filed suit in the Law Division in Gloucester County against defendants, Hildreth, and others. "On numerous occasions between . . . 1998-2003," W.S. alleged, "Hildreth sexually assaulted, sexually abused and/or had sexual contact" with him and with other male children on defendants' property. W.S. brought claims under the CSAA and LAD, as well as numerous common law claims including intentional infliction of emotional distress; assault and battery; failure to supervise; negligent/gross negligent or intentional hiring, supervision and/or retention; breach of fiduciary duty; and respondeat superior/vicarious liability.

Defendants moved to dismiss the complaint for failure to file a notice of claim within ninety days of the claim's accrual in 2016. The motion judge denied the motion. The motion judge found that the pertinent amendments to the TCA "d[id] not apply retroactively," but that "simply following the clear language of the statute . . . provides that the Act applies to causes of action that were not finally adjudicated as of December 1, 2019." "[P]laintiff's cause of action was not finally adjudicated as of December 1, 2019," the motion

judge held, because the dismissal of W.S.'s motion for leave to file a late notice of tort claim in 2017 "without prejudice was not a final adjudication of the cause of action in this matter." The motion judge denied defendants' motion for reconsideration.

The Appellate Division affirmed, "albeit for reasons other than those expressed by the motion judge." W.S. v. Hildreth, 470 N.J. Super. 57, 61 (App. Div. 2021). "Simply put," the Appellate Division determined, "the newly enacted statute of limitations in N.J.S.A. 2A:14-2a," which became effective on December 1, 2019, "resuscitated" "plaintiff's complaint, which otherwise would have been time-barred." Id. at 61-62. In the Appellate Division's view, plaintiff's complaint, filed after the amendments became effective, "was now subject to the newly enacted N.J.S.A. 59:8-3(b), which specifically eliminated the need to file a notice of claim in advance of filing suit." Id. at 62.

The Appellate Division disagreed with the motion judge's reasoning in one significant respect. According to the Appellate Division, "plaintiff never filed 'a cause of action' in 2017." Id. at 67. Instead, he filed a motion for leave to file a late notice of claim, which "does not amount to the commencement of 'civil litigation.'" Id. at 68 (quoting State v. J.R.S., 398 N.J. Super. 1, 5-6 (App. Div. 2008)). The Appellate Division nonetheless

10

affirmed the motion judge's orders.  Id. at 61.  Reviewing the text and legislative history of Chapters 120 and 239, the Appellate Division concluded that the Legislature "intentionally resuscitated claims, like plaintiff's, that had accrued prior to December 1, 2019, and otherwise would have been time-barred under the prior statute of limitations."  Id. at 69.  The Legislature also intentionally "eliminated all 'procedural requirements' of the TCA for claims of sexual abuse."  Id. at 70 (quoting N.J.S.A. 59:8-3(b)).  Therefore, at the time plaintiff filed his claim, "there was no longer any precondition . . . to file a notice of claim under the TCA before filing suit, regardless of when the cause of action accrued."  Ibid.  Because W.S. "was under no obligation to file a notice of tort claim as a prerequisite to [filing] suit," the Appellate Division affirmed the denial of defendants' motion to dismiss.  Ibid.

We granted defendants' motion for leave to appeal.  250 N.J. 171 (2022).  We also granted leave to appear as amici curiae to the Attorney General; the New Jersey Association for Justice (NJAJ); Child USA; and the New Jersey State Bar Association (NJSBA).

II.

Defendants maintain that the Appellate Division retroactively applied N.J.S.A. 59:8-3(b) by absolving W.S. "from filing a TCA notice for a claim which accrued in 2016, prior to the effective date of the amendment."  Such a

11

retroactive application of 59:8-3(b), defendants continue, is contrary to legislative intent. Defendants make two primary arguments. First, defendants contend, W.S. "commenced civil litigation in 2017 and simply abandoned the claim," so "[t]o allow a reboot in 2020 based on an amendment which eliminated the notice requirement . . . in 2019, is contrary to the intent of legislators and prevailing law in 2017." Second, defendants assert that the relevant date for purposes of N.J.S.A. 59:8-3(b) is not when a complaint was filed, but when a cause of action accrued. For a cause of action that accrued prior to December 1, 2019, defendants argue, the "legislative intent could not be clearer" -- the Legislature intended for the amendment to the TCA notice provisions to apply only prospectively, not retroactively.

W.S. asserts that his 2017 motion for leave to file a late notice of claim did not commence civil litigation. Relying on Rule 4:2-2's prescription that "[a] civil action is commenced by filing a complaint with the court," W.S. urges that his action did not commence until he filed his complaint in 2020. According to W.S., the Appellate Division interpreted N.J.S.A. 59:8-3(b) prospectively, not retroactively. Nothing in N.J.S.A. 59:8-3(b), W.S. submits, indicates that the date on which the cause of action accrued, rather than the date on which the complaint was filed, matters. Additionally, W.S. contends that reading the amendments to extend the statute of limitations but

12

simultaneously to prevent survivors whose claims fall within the newly extended statute of limitations from suing public entities would frustrate the Legislature's intent in amending the statutes.

The Attorney General largely supports W.S.'s position, arguing that N.J.S.A. 59:8-3(b) should apply retroactively. Otherwise, revived complaints would instantly be blocked because the plaintiff had not filed a notice of claim when the cause of action originally accrued. The Attorney General also asks us to clarify that the retroactivity of N.J.S.A. 59:8-3(b) applies only to CSAA sexual abuse claims against public entities, not to all tort claims filed against public entities.

The NJAJ, Child USA, and NJSBA all assert that legislative history and caselaw confirm a retroactive application for N.J.S.A. 59:8-3(b). In their view, the Legislature passed Chapter 120 to broaden legal recourse for all victims of child sexual abuse, and defendants' proposed interpretation would defeat that principal legislative purpose.

### III.

We review de novo a trial court's denial of a motion to dismiss a complaint for failure to state a claim under Rule 4:6-2(e). Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, PC, 237 N.J. 91, 108 (2019). Questions of statutory interpretation are also reviewed de novo; this

13

Court owes no deference to the legal conclusions reached by the trial court and Appellate Division. State v. Lane, 251 N.J. 84, 94 (2022).

In statutory interpretation cases, this Court aims to effectuate the Legislature's intent. Gilleran v. Township of Bloomfield, 227 N.J. 159, 171 (2016). The "best indicator" of legislative intent "is the statutory language." Lane, 251 N.J. at 94 (citing DiProspero v. Penn, 183 N.J. 477, 492 (2005)). This Court "ascribe[s] to the statutory words their ordinary meaning and significance and read[s] them in context with related provisions so as to give sense to the legislation as a whole." DiProspero, 183 N.J. at 492 (citing Lane v. Holderman, 23 N.J. 304, 313 (1957); Chasin v. Montclair State Univ., 159 N.J. 418, 426-27 (1999)). When the plain language of a statute is clear and unambiguous, we apply the law as written. See In re Civil Commitment of W.W., 245 N.J. 438, 449 (2021). If the statutory text is ambiguous, we may turn to extrinsic evidence including legislative history to aid our inquiry. DiProspero, 183 N.J. at 492-93; Marino v. Marino, 200 N.J. 315, 329 (2009).

Statutes must be read in their entirety. W.W., 245 N.J. at 449. Pursuant to traditional rules of statutory construction, "each part or section should be construed in connection with every other part or section to provide a harmonious whole." Ibid. (quoting In re Expungement Application of D.J.B., 216 N.J. 433, 440 (2014)). Additionally, when amendments are passed jointly

14

or as part of a legislative scheme, we must construe them together to make sense of the legislative intent.  See Nw. Bergen Cnty. Utils. Auth. v. Donovan, 226 N.J. 432, 444 (2016).  Critically, "[a] court may neither rewrite a plainly-written enactment of the Legislature nor presume that the Legislature intended something other than that expressed by way of the plain language."  O'Connell v. State, 171 N.J. 484, 488 (2002).

## IV.

We now affirm the Appellate Division's decision.  The plain meaning of N.J.S.A. 59:8-3(b) dictates that child sexual abuse survivors who file a CSAA complaint against a public entity after December 1, 2019 -- even if their cause of action accrued much earlier -- need not file a TCA notice of claim before filing suit.

## A.

As an initial matter, we hold that W.S.'s 2017 motion for leave to file a late notice of claim did not commence a civil action and the trial court's dismissal of the motion without prejudice did not constitute a "final[] adjudicat[ion]" of this case within the meaning of L. 2019, c. 239, § 2.  As the Appellate Division explained, W.S. "never filed 'a cause of action' in 2017."  W.S., 470 N.J. Super. at 67.  Instead, he filed a motion for leave to file a late

15

notice of claim, which "does not amount to the commencement of 'civil litigation.'" Id. at 68 (quoting J.R.S., 398 N.J. Super. at 5-6).

The text of the TCA carefully distinguishes between (1) the service of a notice of claim, (2) a motion for leave to file a late notice of claim, and (3) the filing of a lawsuit. While N.J.S.A. 59:8-8 prescribes that "the claimant may file suit in an appropriate court of law" six months after "the date notice of claim is received," N.J.S.A. 59:8-9 discusses "[a]pplication to the court for permission to file a late notice of claim." The statute is thus clear that neither the service of a notice of claim, nor an application to the court for permission to file a late notice of claim, constitutes "fil[ing] suit in an appropriate court of law." N.J.S.A. 59:8-8.

For good reason. Pursuant to Rule 4:2-2, "[a] civil action is commenced by filing a complaint with the court." Neither a notice of claim nor a motion for leave to file a late notice of claim constitutes a complaint. Seemingly acknowledging this point, defendants contend that civil litigation begins when a "pleading," rather than a complaint, is filed. But Rule 4:5-1(a) provides an exclusive list of all permissible "pleadings" that can be filed in a civil action: a complaint, an answer, an answer to a counterclaim, an answer to a cross-claim, a third-party complaint and third-party answer, and a reply to an affirmative defense. Neither a TCA notice of claim nor a motion for leave to

16

file a late notice of claim appears on the list, and the rule concludes: "No other pleading is allowed." R. 4:5-1(a).

The Appellate Division has thus held that filing a notice of claim under the TCA does not commence civil litigation. See J.R.S., 398 N.J. Super. at 5-6. Instead, a notice of claim informs public entities of "[p]otential future litigation or notice of intent to commence a civil suit at some future time." Id., at 6. "Although the filing of a tort claims notice under N.J.S.A. 59:8-8 is an indispensable jurisdictional prerequisite to the prosecution of common law tort claims against a public entity, the mere serving of this notice upon the public entity does not amount to the commencement of 'civil litigation.'" Id. at 5-6 (citing Velez v. City of Jersey City, 180 N.J. 284, 290 (2004)). As we have noted, one of the purposes of the notice of claim is "to allow the public entity at least six months for administrative review with the opportunity to settle meritorious claims prior to the bringing of suit." Velez, 180 N.J. at 290 (emphasis added) (quoting Beauchamp v. Amedio, 164 N.J. 111, 121 (2000)). That would be impossible if a notice of claim itself began civil litigation.

A motion for permission to file a late notice of claim is even further removed from beginning a lawsuit. Whereas a notice of claim directly informs a public entity of potential future litigation, a motion for permission to file a late notice of claim is a request for a judicial extension of the period of time in

17

which to supply such information. Such a motion is focused on the facts relevant to the request for additional time, rather than the underlying claim itself: pursuant to N.J.S.A. 59:8-9, if there are "sufficient reasons constituting extraordinary circumstances" for the failure to file a timely notice of claim, a judge has discretion to permit a person to file a late notice of claim "within one year after the accrual of his claim," so long as the public entity will not be substantially prejudiced thereby. By the plain text of that provision, a court's decision to authorize a claimant to file a late notice of claim does not itself commence a civil action; a decision denying a claimant such authorization clearly does not.[2]

For all those reasons, W.S.'s 2017 motion for leave to file a late notice of claim did not begin a civil action, and the trial court's denial of that motion without prejudice did not finally adjudicate any CSAA action for child sexual abuse.

---

[2] We recognize that the caption on the trial court's order denying W.S.'s motion to file a late notice of claim is labeled "civil action" and includes a Law Division docket number. That designation was purely administrative. It did not transform W.S.'s motion for leave to file a late notice of claim into a civil complaint initiating a lawsuit. Cf. R. 4:11-1 (analogously concerning petitions for pre-suit discovery filed with the court).

B.

W.S. did eventually file a civil action, in January 2020, by filing a fourteen-count complaint in the Gloucester County Law Division against defendants, Hildreth, and several others. We hold that the motion judge and the Appellate Division correctly applied the law in effect at the time W.S. filed his complaint in denying defendants' motion to dismiss.

Contrary to defendants' assertions, the Appellate Division did not "breathe[] retroactive application into N.J.S.A. 59:8-3(b)" or "improperly resuscitate[]" W.S.'s claim. Instead, the court afforded N.J.S.A. 59:8-3(b) prospective effect and correctly applied the statutory text to W.S.'s complaint. As the Appellate Division found, "as of December 1, 2019, there was no longer any precondition for a plaintiff alleging sexual abuse as a minor by a public employee or public employer to file a notice of claim under the TCA before filing suit, regardless of when the cause of action accrued." W.S., 470 N.J. Super. at 70.

This is clear from the plain language of the statute that was in effect at the time W.S. filed his complaint. Since December 1, 2019, N.J.S.A. 59:8-3(b) has provided that "[t]he procedural requirements of this chapter shall not apply to an action at law for an injury resulting from the commission of sexual

19

assault, any other crime of a sexual nature, a prohibited sexual act as defined in [N.J.S.A. 2A:30B-2], or sexual abuse as defined in [N.J.S.A. 2A:61B-1]."

Defendants do not contest that the requirement to file a notice of claim with a public entity within ninety days "after accrual of the cause of action," N.J.S.A. 59:8-8, is a "procedural requirement[]" of the TCA within the meaning of N.J.S.A. 59:8-3(b). And they concede that W.S. filed an "action at law for an injury resulting from the commission of sexual assault, any other crime of a sexual nature, a prohibited sexual act . . . or sexual abuse," N.J.S.A. 59:8-3(b), in January of 2020. Therefore, pursuant to the law in effect at the time W.S. filed his complaint, no notice of claim was required.

Defendants maintain that this applies N.J.S.A. 59:8-3(b) "retroactively" rather than "prospectively." That is incorrect. Applying the law in effect at the time a complaint is filed -- even when that law changed the requirements for filing a complaint -- is not applying a statute retroactively; it is applying a statute prospectively to cases filed after its effective date. Defendants effectively posit that W.S.'s complaint should not have been subject to the laws in effect at the time it was filed, but rather to laws the Legislature had at that point intentionally repealed. There is no support for that position in the text, structure, purpose, or legislative history of N.J.S.A. 59:8-3(b).

20

According to defendants, what matters for purposes of N.J.S.A. 59:8-3(b) is when a cause of action accrued, not when an action at law is filed. But the language of the statute indicates otherwise: "The procedural requirements of this chapter <u>shall not apply to an action at law</u> for an injury resulting from the commission of sexual assault, any other crime of a sexual nature, a prohibited sexual act as defined in [N.J.S.A. 2A:30B-2], or sexual abuse as defined in [N.J.S.A. 2A:61B-1]." N.J.S.A. 59:8-3(b) (emphasis added). The text explicitly references an "action at law," which can be commenced only "by filing a complaint with the court." <u>R.</u> 4:2-2. It says nothing about when a cause of action accrues. If the Legislature intended for the amendment to apply only to causes of action that accrued after December 1, 2019, N.J.S.A. 59:8-3(b) could have stated: "The procedural requirements of this chapter <u>shall not apply to a cause of action that accrues after December 1, 2019</u> for an injury resulting from the commission of sexual assault, any other crime of a sexual nature, a prohibited sexual act . . . , or sexual abuse." It does not.

During oral argument, defendants pointed to N.J.S.A. 59:8-8 and N.J.S.A. 59:8-9 for support. But neither defines the term "action at law" to mean when a cause of action accrues rather than when a complaint is filed in court. As earlier noted, N.J.S.A. 59:8-8 provides:

> A claim relating to a cause of action for death or for injury or damage to person or to property shall be

21

> presented as provided in this chapter not later than the 90th day after accrual of the cause of action.  After the expiration of six months from the date notice of claim is received, the claimant may file suit in an appropriate court of law. . . .

N.J.S.A. 59:8-9 then continues:

> A claimant who fails to file notice of his claim within 90 days as provided in section 59:8-8 of this act, may, in the discretion of a judge of the Superior Court, be permitted to file such notice at any time within one year after the accrual of his claim provided that the public entity or the public employee has not been substantially prejudiced thereby. . . .

Rather than assist defendants, those provisions demonstrate that the Legislature can explicitly reference when a cause of action accrues, rather than when an action at law is filed, when it chooses to do so.  It did not in N.J.S.A. 59:8-3(b).  See Goldhagen v. Pasmowitz, 247 N.J. 580, 600 (2021) ("When 'the Legislature has carefully employed a term in one place and excluded it in another, it should not be implied where excluded.'"  (quoting In re Plan for Abolition of Council on Affordable Hous., 214 N.J. 444, 470 (2013))).

Finally, defendants' reading of the statute would lead to absurd results. All agree that the purpose of Chapter 120 and Chapter 239 was to "greatly increase[] the ability of victims of sexual abuse to pursue justice through the court system."  See Governor's Statement to S. 477 1 (May 13, 2019).  The Legislature's fiscal statement warned that "the bill will expose the State,

22

school districts, and local units of government to civil claims that may result in . . . substantial settlements and judgments against affected governments," specifically school districts, which "may be the most exposed to the filing of additional tort claims . . . given the nature of their responsibilities." Legislative Fiscal Estimate to S. 477 2, 3 (Mar. 29, 2019).

However, in defendants' view, only those subjected to sexual abuse by a public entity or employee after December 1, 2019, or whose cause of action for such abuse accrued after December 1, 2019, would be able to pursue justice in court. For everyone else, the Legislature would have intentionally resuscitated child sexual abuse claims against public entities or employees that accrued many years before by retroactively extending the statute of limitations until the victim reached the age of fifty-five through N.J.S.A. 2A:14-2a(a)(1), only for the claim to be immediately dismissed because the victim did not file a notice of claim within ninety days of the cause of action originally accruing. That would be senseless.

When W.S. filed his complaint, the plain language of N.J.S.A. 59:8-3(b) provided, as it still does: "The procedural requirements of this chapter shall not apply to an action at law for an injury resulting from the commission of sexual assault, any other crime of a sexual nature, a prohibited sexual act . . . , or sexual abuse." W.S. filed an action at law for an injury resulting from the

23

commission of sexual abuse. The procedural requirements of the TCA therefore did not apply. The Appellate Division and motion judge properly denied defendants' motion to dismiss.[3]

V.

The judgment of the Appellate Division is affirmed, and the matter is remanded to the trial court for further proceedings.

CHIEF JUSTICE RABNER; JUSTICES PATTERSON, SOLOMON, and PIERRE-LOUIS; and JUDGE SABATINO (temporarily assigned) join in JUSTICE WAINER APTER's opinion. JUSTICE FASCIALE did not participate.

---

[3] In its amicus brief, the Attorney General requests that this Court clarify "that the waiver of the TCA's notice-of-claim requirement shall apply solely to claims of 'sexual abuse' as defined under the CSAA, as opposed to mere 'negligence' claims or any other claims that do not rise to liability under the CSAA." According to the Attorney General, "Plaintiff . . . brings not only sexual abuse/CSAA claims against Defendant-Appellants, but also claims of simple negligence, 'breach of fiduciary duty,' 'breach of duty to stand in loco parentis,' 'tortious [interference] with parental or filial consortium,' and negligent/intentional infliction of emotional distress." Although we quoted extensively from the relevant TCA amendments above, supra at 7-8 (quoting L. 2019, c. 120, § 8; L. 2019, c. 239, § 1), this argument was not raised by the parties. We generally decline to consider arguments raised for the first time by an amicus curiae before this Court. See State v. Mosley, 232 N.J. 169, 180 n.2 (2018). The Attorney General may ask the trial court, on remand, to determine which of plaintiff's claims fall within the language of the 2019 amendments and which, if any, must be dismissed for failure to file a timely notice of claim.

24